GRIEVE *v.* McGOVERN.

*(Common Pleas of New York City and County, General Term.   April 4, 1892.)*

SALE—VALIDITY—CHANGE OF POSSESSION—ASSIGNMENT FOR BENEFIT OF CREDITORS.
 A debtor, after selling certain personal property without delivering possession, made a general assignment for benefit of creditors, after which an execution was levied thereon as the property of the purchaser.   *Held* that, the sale being invalid for want of delivery of possession, the property passed to the assignee, and a purchaser from him, *bona fide* and for value, obtained a good title, and could recover possession from the officer levying the execution, who defended solely on the ground that the goods were the property of the first purchaser.

Appeal from district court.

Action of replevin by Thomas Grieve against James S. McGovern.   Plaintiff appeals from a judgment for defendant.   Reversed.

Argued before BISCHOFF and PRYOR, JJ.

*J. C. Julius Langbein,* for appellant.   *Joseph Martin,* for respondent.

PRYOR, J.   The appeal is by the plaintiff from a judgment of a district court in an action of replevin.   Both parties claim title under the Nimmos, the original owners of the chattels,—the plaintiff by virtue of a bill of sale

from the Nimmos' general assignee; the defendant as city marshal, by virtue of an execution against the Nimmos at suit of one Mullen. As the assignment by the Nimmos and the sale to the plaintiff antedated the judgment and execution in favor of Mullen, the question is, did the plaintiff get title by his purchase from the assignee? The proof is that, prior to the assignment, the Nimmos sold the goods to Mullen, of which fact the assignee had seasonable notice. If the assignee had no right to transfer, the plaintiff, though a purchaser *bona fide* and for value, got no title, unless his other contention be tenable, namely, that the Nimmos' sale to Mullen was void for defect of delivery of possession. And this appears to be the fact. Then the question recurs, did the chattels pass to the assignee? The trial judge found that they did not so pass; but why? Because they had already become the property of Mullen. But the defendant seeks to justify the taking only upon Mullen's execution; and that execution was levied upon the goods as the property of the Nimmos. Plainly, the defendant is estopped to say that the goods are the property of Mullen, in an action in which he defends exclusively on the ground that they are the property of the Nimmos, the judgment debtors. True, that by section 1723 of the Code, a defendant in replevin may "defend on the ground that a third person was entitled to the chattel, without connecting himself with the latter's title;" but the difficulty here is that the defendant has pleaded no such defense, but has planted himself upon a ground which necessarily precludes recourse to such defense. Eliminating from the litigation Nimmos' sale to Mullen, the question again recurs, did the plaintiff get title by his purchase from the assignee? The plaintiff is a purchaser *bona fide* and for value. The assignment was general, and included all the chattels of which the assignors were owners. The assignors were the owners of the goods in controversy, because of the utter invalidity of the sale to Mullen; and the defendant is estopped to say otherwise, by reason of his levy on the goods as the property of the assignors, and of his omission to plead the *jus tertii.* The plaintiff, by showing title and due demand, established his right to recover. Judgment reversed, and new trial, costs to abide the event.